**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HDI a California company, | No. CV-14-00037-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Natural Earth Providers, Inc., an Arizona corporation, | |
| Defendant. | |

**I. Background**

On January 8, 2014, a *pro se* Complaint was filed on behalf of "HDI, a California Company." (Doc. 1) On the same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 3) The Complaint was purportedly signed by "Cooper Jackson, Officer HDI," but it does not provide any information that Cooper Jackson is a licensed attorney, authorized to practice law in the District Court and State of Arizona. Moreover, the Complaint does not reflect whether HDI is a California corporation or limited liability company. The Complaint claims that subject matter jurisdiction is predicated upon diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a), but it fails to identify the principal places of business for Plaintiff and Defendant Natural Earth Providers, Inc., an Arizona corporation. The Complaint fails to allege enough factual information to ensure the parties' diversity.

On January 16, 2014, and after his review of the Complaint, Judge Anderson ordered that Plaintiff shall have until and including Friday, January 31, 2014 within which to make

1 its written selection to either voluntarily consent to magistrate-judge jurisdiction or elect to
2 have the case assigned to a United States district judge.  Plaintiff HDI was further ordered
3 to retain a lawyer, appropriately licensed to practice law in Arizona and admitted to practice
4 in this District Court, who must file an Amended Complaint on or before Friday, January 31,
5 2014 or the Complaint would be dismissed without prejudice. Judge Anderson further
6 ordered  the Amended Complaint set forth sufficient specific facts regarding each party's
7 citizenship, domicile, the state where it is incorporated, and the state of its principal place of
8 business or the action would be dismissed without prejudice for lack of complete diversity.
9 (Doc. 4)

10 On February 4, 2014, Judge Anderson issued an Order to Show Cause ("OSC") due
11 to Plaintiff's failure to comply with his January 16, 2014 Order for Plaintiff to show cause
12 in writing on or before Friday, February 21, 2014 why this case should not be dismissed
13 without prejudice for failing to comply with the Court's prior orders.  To date, Plaintiff has
14 not complied with any of these orders.

15 **II. Inherent Powers**

16 In his OSC, doc. 5, Judge Anderson forewarned Plaintiff  that "[d]istrict courts have
17 inherent power to control their docket." *Ready Transportation, Inc., v. AAR Manufacturing,*
18 *Inc.*,627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules,*
19 *Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original; internal quotation marks
20 omitted) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)) The
21 OSC also noted that a district court has the inherent power to dismiss an entire action to rein
22 in abusive or dilatory conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to
23 dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute).
24 This inherent power, however, "must be exercised with restraint and discretion. A primary
25 aspect of that discretion is the ability to fashion an appropriate sanction for conduct which
26 abuses the judicial process." *Ready Transp., Inc.*, 627 F.3d at 404-405 (citing *Thompson v.*
27 *Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (*per curiam*) (requiring a
28 district court to weigh, among other factors, "the availability of less drastic sanctions" before

resorting to dismissal as a sanction). A district court may also dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). *See also Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits justify sanction).

**III. The Civil Justice Reform Act**

"The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, '[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner.'" *Davis v. Lowes HIW*, 2008 WL 4200063, at *1 (D. Ariz. Sept. 12, 2008) (quoting *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992)). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just, speedy and inexpensive determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, (1979) (emphasis in original).

**IV. Discussion**

Plaintiff's failures to timely comply with Judge Anderson's January 17th and February

1  4th, 2014 orders are frustrating the speedy and inexpensive resolution of this case, not even
2  considering the waste of his limited time on this case.

3        In determining whether to dismiss a case for failure to comply with court orders,
4  district courts weigh five factors: (1) the public interest; (2) the court's need to manage the
5  docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition
6  of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d
7  at 1260-61. Plaintiff's failures to comply with court orders are frustrating the Court's
8  responsibilities mandated by Rule 1,Fed.R.Civ.P., and Congress' directive in the CJRA,
9  mandating federal district court "set[] early, firm trial dates, such that the trial is scheduled
10 to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. §
11 473(a)(2) (emphasis added). Plaintiff's *pro se* status does not discharge her obligation to
12 "abide by the rules of the court in which [they] litigate[]." *Carter v. Commissioner of Internal*
13 *Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

14       After considering the adequacy of lesser sanctions, that Plaintiff has been forewarned
15 that sanctions may be imposed, and weighing all five *Ferdik* factors to determine if dismissal
16 is appropriate due to Plaintiff's failure to comply with prior court orders, the Court concludes
17 that dismissal of Plaintiff's Complaint without prejudice is appropriate and just under the
18 circumstances of this case.

19       Based on the foregoing,

20       **IT IS ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** without
21 prejudice. The Clerk is directed to terminate this case.

22       DATED this 13th day of March, 2014.

_____
Susan R. Bolton
United States District Judge